## Montgomery Trust Company v. Milnor

*G. Herbert Jenkins*, for plaintiff.
*Larzelere & Wright*, for defendant.

CORSON, J., October 7, 1935.—Frank B. Milnor, the defendant, has moved for satisfaction of judgment under the Act of July 1, 1935, P. L. 503, which, under the terms thereof, is to be construed as a continuation of the Act of January 17, 1934, P. L. 243. The motion calls attention to the record of the proceedings in the above-entitled action. The facts would not seem to be in dispute.

The trust company, as trustee, issued execution upon a certain property in Hatboro, Montgomery County, Pa.,

under a judgment entered on April 30, 1932, in the amount of $8,924, against the defendant upon his bond. On May 31, 1934, the premises in question were sold by the Sheriff of Montgomery County to the attorney for the plaintiff, on a bid of $4,410. Apparently because of certain municipal claims filed against the property, the legality of which are questioned, the plaintiff has refused and neglected to settle for the property, and the sheriff has not executed or acknowledged any deed to the plaintiff.

Upon this state of facts, the defendant contends that a sale of the property, within the terms of the Acts of January 17, 1934, and July 1, 1935, supra, took place on May 31, 1934, and that, no petition having been filed within six months thereafter to fix the fair value of the property sold, the judgment must be satisfied.

In support of this contention, the defendant cites the recent case of St. Charles B. & L. Assn. v. Hamilton et al., 319 Pa. 220. In that case the Supreme Court construes the Act of January 17, 1934, supra, and decides "the time of the sale" from which the six-months' period begins to run shall be dated from the date of the sheriff's auction and not the date when the sheriff acknowledged the deed to the purchaser.

We feel that that case is not controlling in the present instance. In the St. Charles case, admittedly, a completed sale took place and the deed was acknowledged and delivered to the purchaser. Can we say, in a case where the sale is not completed, that a "sale" has taken place within the meaning of the acts of assembly? We are of the opinion that no sale has taken place until settlement has been made by the purchaser and a deed executed and acknowledged by the sheriff. When such a deed is executed and acknowledged, then the sale is complete and may be said to date back to the date of the sheriff's auction, yet until such a deed is so executed and acknowledged there can be no sale as of any date. To hold otherwise would allow a defendant in execution to have a

straw man purchase the property at the sale, pay the down money and disappear or refuse to proceed further. Certainly, in such a case, we could not hold that six months later the judgment must be satisfied. In the event of the satisfaction of such a judgment there would be a question whether the judgment creditor could proceed further, and he might thereby unjustly be deprived of any remedy either against the property or against the judgment debtor.

While the question is, of course, not raised in the present proceeding, yet it would seem that the remedy of the defendant is to force the sheriff to declare the down money forfeited and proceed to resell the property.

In view of the fact that our construction of the word "sold", as used in the two acts, controls our disposition of the motion, we do not pass upon the propriety of basing the present motion upon the Act of July 1, 1935, supra, or upon the constitutionality of the Act of January 17, 1934, supra.

And now, October 7, 1935, for the reasons given, the defendant's rule to show cause why the judgment should not be satisfied is discharged. An exception is allowed to the defendant.      From Aaron S. Swartz, Jr., Norristown.